UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>VAUGHN LEWIS, )<br>)<br>Defendant ) | Crim. No. 16cr10166-PBS |

# RESPONSE TO MOTION TO COMPEL DISCOVERY AND FOR EVIDENTIARY HEARING

The government hereby opposes Defendant's Motion to Compel Discovery and For Evidentiary Hearing. As an initial point, the government has produced to Defendant (1) notes that were forwarded to investigators in this case from the Brockton Police Department (which are consistent with the DEA report that was provided to defense counsel early in the case memorializing the Brockton Police actions), and (2) Brockton Police Department documentation regarding evidence seized pursuant to the state acts. It is the government's understanding that there are no other documents in the possession of the Brockton Police Department regarding the applicable investigative acts. As set forth previously, the materials sought by Defendant did not involve a federal investigation, but rather a local investigation by Brockton Police officers. Information transmitted by the Brockton Police to federal investigators was used as a piece of evidence, along with other evidence, to obtain a search warrant for a residence used by Defendant. As a result, the Supreme Court's decision in *Franks v. Delaware*, 438 U.S. 154 (1978), controls.

1

Pursuant to *Franks*,

> To mandate an evidentiary hearing [challenging the validity of a search warrant affidavit], the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. ***There must be allegations of deliberate falsehood or of reckless disregard for the truth,*** and those allegations must be accompanied by a statement of supporting reasons. They should point out specifically the portion of the affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. ***Affidavits or sworn or other reliable statements of witnesses should be furnished, or their absence satisfactorily explained.***

*Id*. at 171 (emphasis added). The First Circuit has instructed that before a *Franks* hearing "is warranted the ***defendant has the burden*** of making a substantial preliminary showing (1) that a false statement in the affidavit was made knowingly and intentionally, and (2) that the false statement is necessary for a finding of probable cause." *United States v. Paradis*, 802 F.2d 553, 558 (1st Cir. 1986) (emphasis added). The limitations set forth in *Franks* apply to discovery related to information in search warrants. *See United States v. Moon*, 2011 WL6935340 at *2 (D.Mass. Dec. 30, 2011) (Sorokin, MJ) ("'The requirement of a substantial preliminary showing should suffice to prevent misuse of a veracity hearing for purposes of discovery or obstruction ….'") (quoting *Franks*). As a result, courts have required a preliminary showing under *Franks* as a prerequisite to any discovery obligations being triggered. *Id*. at *3; *United States v. Williams*, 143 F.R.D. 24, 25 (D.Mass 1992).

Courts have denied discovery requests where the requisite preliminary showing under *Franks* has not been made by the defendant. *See, e.g., United States v. Long*, 774 F.3d 653, 661 (10th Cir. 2014) ("disclosure is not required if the defendant does not make the 'substantial preliminary showing' required by *Franks*"); *United States v. Garrison*, 147 F.Supp.3d 1173, 1187 (D.Colo. 2015) ("That is not a substantial showing, and so this Court may not order disclosure for purposes of a *Franks* challenge."). "The court noted that defendants could not use

*Franks* to ask the Court for discovery without first making the substantial preliminary showing required by *Franks*." *United States v. Smith*, 2017 WL 3172790 at *4-5 (D.N.M. May 16, 2017); s*ee also United States v. Lam*, 2008 WL 191420 at *2 (N.D.Cal. Jan. 22, 2008) ("'… defendant makes "conclusory allegations" that fail to establish that the information he seeks is material.  Defendant argues that the evidence is material to a *Franks* hearing. … But there is no *Franks* hearing scheduled because defendant has not yet made the requisite "substantial preliminary showing."'"); *United States v. Feil*, 2010 WL 11205823 at *2 (N.D.Cal. Sept. 28, 2010) (denying discovery motion to support a *Franks* hearing where no requisite preliminary showing).

In the case at hand, the sole relevance of the evidence from the Brockton Police Department is to potentially challenge the search warrant for Defendant's residence.  Yet, ***Defendant has made no preliminary showing whatsoever as required by Franks***, and has not submitted any documents in support of the requisite preliminary showing.  Along these lines, the evidence from the Brockton Police activities identifies the date and the location where Defendant was dealing drugs, as well as the vehicle used by Defendant.  If Defendant believes that this information is false, Defendant can submit a sworn affidavit disputing it.  He has not.  In fact, he has taken no steps to raise an appropriate *Franks* challenge.

Given Defendant's failure to make any preliminary showing as required by *Franks*, the government was under no legal obligation to produce evidence related to the Brockton Police investigation.  Thus, the government's production of the Brockton Police materials noted above exceeded its discovery obligations.  Moreover, given the absence of any requisite preliminary

showing under *Franks*, Defendant cannot request or receive an evidentiary hearing related to the Brockton Police investigation.  Any such hearing would be in direct contravention of *Franks*.

In light of the above, Defendant's motion should be denied in its entirety.

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

By:    */s/ Michael J. Crowley*
        MICHAEL J. CROWLEY
        Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

 I, Michael J. Crowley, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

                 /s/ *Michael J. Crowley*
                 MICHAEL J. CROWLEY
                 Assistant U.S. Attorney